United States District Court,
M.D. Florida
Orlando Division

6:20-cv-1948-ORL-40LRH

10-15-20

Christopher M. Watkins - Plaintiff

v.

Nathan Deal, individually, U.S. Corr L.L.C Co C.E.O's collectively, Alan Seilbeck, Robert Downs, Kent Wood, Dustin Baldwin, Ashley Jaques, Steve Jaques And Lisa Kyle

Count 1: 1983 - Violation of fourteenth Amendments - Supervisory Liability (against defendant Deal)

Count 2: 1983 - Violation of fourteenth Amendments - Supervisory Liability (against defendants Alan Seilbeck, Robert Downs, Kent Wood, Dustin Baldwin, Ashley Jaques, Steve Jaques, and Lisa Kyle)

(42 U.S.C Sec. 1983 suit)

The plaintiff hereby comes forth presenting this suit alledging fourteenth Amendment constitutional violations. The plaintiff was injured in a one vehicle accident while in the custody of the Defendants as a pretrial detainee. The driver of the companys extradition vehicle, did not seatbelt the plaintiff, after placing the plaintiff into the vehicle, after the plaintiff had requested to the driver to be secured into the detainee compartment with a seatbelt, the company's employee's responded "the van don't have seat belts" "Just sit tight and hope we don't crash". Moreover, the driver was complaining to be tired, having been driving for hours

the day before and not having enough "rest" to her co worker, who had suggested to her, to let him drive, while she took a nap on the van's bench seat, designed for the "rest of" employees. However, the tired employee continued to drive on. The conversation between the two company employee's occured after feeding the detainees breakfast from Mcdonalds on route 60 in Williamburg VA at around 7:30 AM on the day of November 18th 2018, thereafter, the driver of the van recklessly fell asleep behind the wheel at around 9:00 AM on highway 13 in Gates County North Carolina. The vehicle rolled over five times after the driver had recklessy loss control, causing the vehicle to land in a nearby ditch off side of the highway. The North Carolina highway patrol responded and thereafter the paramedics rushed the detainees to the hospital.

After the accident the plaintiff was diagnosed with Post traumatic stress syndrome and several other ongoing medical complications, and is still seeking treatment in recovery from the accident up until the date of this suit.

The plaintiff presenting the following brief analysis of review will briefly requote Williams v. US. Corr. LLC M.D. Tenn. 2019, "Defendants US Corrections, LLC and US Prisoner Transport appear to be private companies, the court assumes for purposes of this initial review that they and their drivers were operating as state actors in this case, as they were performing an "exclusive government function" in transporting state prisoners, something they could not have done without state authorization." (page 5)

Constitutional analysis of plaintiff's claim alledging 14th amendment violation as a pretrial detainee is governed by the holdings of Watkins v. City of Battle Creek (14th amendment pretrial detainee rights... is analogous to those under the 8th amendment)

Precedential jurisprudence in regards to ("Lack of seat belt for shackled prisoner coupled with allegation of purposeful, reckless driving by defendant were sufficient to plead Eighth amendment claim); Barela v. Romero, 2007 WL 2219441, at 7 D.N.M May 10 2007) ("Allegations ~~[redacted]~~ that prison van driver drove recklessly, knowing that there was a substantial risk that the prisoner would be injured if the van stopped abruptly because the prisoner was shackled and not seatbelted stated a claim") Brown v. Fortner 518 F.3d 552, 559 8th

The supervisory Liability of the ex Governor of Georgia Nathan Deal for the unconstitutional conduct of his state agents, extraditing on demand of his requisition of the plaintiff, pursuant to GA. Code 17-13-1(1), can be proved by a four prong test meted out in Stewart v. Wenerowicz (E.D. Pa 2015) by the plaintiff alleging that: "(1) the policy or procedure in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation" US.Corr L.L.C's procedure of transporting detainee's without seatbelts, and (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure."

Furthermore, supervisory Liability of collective plaintiffs, Co C.E.O's of U.S. Corr L.LC for the unconstitutional conduct of company's employee, can be thus viewed in the same aspect of the Governor's supervisory Liability as stated above, analogous in similarities.

The Plaintiff is hereby asking for Punitive and compensatory rewards in the amount of four million and five hundred thousand US dollars, divisable as follow, three million US dollars from Nathan Deal and one million and five hundred thousand from Co C.E.O's of US Corr LLC

In closing the plaintiff hereby, pray's for relief.

Submitted humbally,
pro se - Christopher M. Watkins

| Plaintiff - | |
|---|---|
| Christopher M. Watkins 159568 | Address of Defendants and or Attorney |
| Newport News City Jail | US.Cott LLC, 4150 Dow rd, Melbourne Fl 32934, Nathan Deal 40 capitol sq S.W, Atl GA 30334 |
| 225 25th Street | |
| Newport News VA | |
| 23607 | |

Motion To Proceed In forma Pauperis 28 U.S.C Sec 1915

Due to indegency of account and monies, the plaintiff is requesting to proceed in forma pauperis.

Submitted humbally,
pro se - Christopher M. Watkins